# UNITED STATES DISTRICT COURT
for the
## NORTHERN DISTRICT OF NEW YORK

United States of America

v.   Case No.   1:25-mj-0237-PJE

KAYA COX

## ORDER OF DETENTION PENDING TRIAL

### Part I – Description of Charge

On August 19, 2025, Defendant made an initial appearance in this Court on a criminal complaint. A detention hearing was held on August 21, 2025. The offense charged is as follows:

Conspiracy to Violate Federal Law, in violation of 18 U.S.C. §371.

### Part II – Pretrial Services Report

Pretrial Services did ☒ did not ☐ interview Defendant.
1. If Pretrial Pretrial Services interviewed Defendant, the Pretrial Services Report was oral ☐ written ☒.
2. If the Report was written, Counsel did ☒ did not ☐ review that report.
3. If Counsel reviewed the Report, they requested the following changes to the report: NONE

### Part III – Eligibility of Detention

Upon the

A. ☐ Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because Defendant is charged with:

1. ☐ a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

2. ☐ an offense for which the maximum sentence is life imprisonment or death; **or**

3. ☐ an offense for which a maximum sentence of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

  4. ☐ any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

  5. ☐ any felony that is not otherwise a crime of violence but involves:

    a. ☐ a minor victim;

    b. ☐ the possession of a firearm or destruction device (as defined in 18 U.S.C. § 921);

    c. ☐ any other dangerous weapon; or

    d. ☐ a failure to register under 18 U.S.C. § 2250;

 **OR**

 B. ☒ Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

  1. ☒ a serious risk that Defendant will flee if released; or

  2. ☒ a serious risk that Defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part IV – Findings of Fact and Law as to Presumptions under § 3142(e)

A. ☐ **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (previous violator): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  1. ☐ Defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    a. ☐ a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

- b. ☐ an offense for which the maximum sentence is life imprisonment or death; **or**

- c. ☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

- d. ☐ any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

- e. ☐ any felony that is not otherwise a crime of violence that involves:

    - i. a minor victim;
    - ii. the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    - iii. any other dangerous weapon;
    - iv. a failure to register under 18 U.S.C. § 2250; **and**

2. ☐ Defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

3. ☐ the offense described in paragraph (2) above for which Defendant has been convicted was committed while Defendant was on release pending trial for a federal, State, or local offense; **and**

4. ☐ a period of not more than five years has elapsed since Date of conviction, or the release of Defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

B. ☐ **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (narcotics, firearm, other offenses): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that Defendant committed one or more of the following offenses:

1. ☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

2. ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

3. ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

4. ☐ an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

5. ☐ an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

C. ☐ **Conclusions Regarding Applicability of Any Presumption Established Above**

☐ Defendant has not introduced sufficient evidence to rebut the presumption above
**OR**
☐ Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part V – Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of Defendant's alleged conduct, Defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at Detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that Defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

☒ Weight of evidence against Defendant is strong.

☒ Subject to lengthy period of incarceration if convicted.

☐ Lack of significant family or other ties to the community.

☐ Significant family or other ties outside the United States.

☐ Lack of legal status in the United States.

☐ Subject to removal or deportation after serving any period of incarceration.

☐ Lack of stable residence.

☒ Lack of stable employment.

☐ Lack of financially responsible sureties.

☐ Prior attempt(s) to evade law enforcement.

☒ Use of alias(es) or false documents.

☒ History of alcohol or substance abuse.

☒ Prior criminal history.

☒ History of possession of weapons.

☐ Prior violations of probation, parole, or supervised release.

☐ Prior failure to appear in court as ordered.

☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.

☐ Participation in criminal activity while on probation, parole, or supervision.

☒ Defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION

Searches of locations conducted in connection with the underlying alleged conspiracy recovered over 100 firearms. Nothing was presented during the hearing indicating that any of the firearms were lawfully possessed by any member of the conspiracy. The presence of over 100 firearms, Mr. Cox's membership in the conspiracy, his close association with his coconspirators, and his (and their) connection to the property where those firearms were discovered, coupled with conversations the government presented through exhibits at the hearing, and the facts relied on by the pretrial services report for its detention recommendation satisfies the court that the government has met its burden of establishing that Mr. Cox is a danger to the community.

Having found that Defendant presents a risk of flight and/or danger to the community, the Court must determine whether (despite this risk and/or danger) there is any condition or combination of conditions that could reasonably ensure Defendant's return to the Court and/or the safety of the community[1]. The Court has carefully considered the alternatives to detention, but, given the findings set forth above, concludes that none of these alternatives are appropriate, or will reasonably ensure Defendant's return to court ☐ and/or the safety of the community ☒.

---

[1] A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).

## Part VI – Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

August 22, 2025
Date

Hon. Paul J. Evangelista
U.S. Magistrate Judge